NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALEX CHRISTIAN SONNE, *Appellant.*

No. 1 CA-CR 17-0247
FILED 2-8-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201600842
The Honorable Steven F. Conn, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jennifer M. Perkins joined.

---

**T H O M P S O N,** Judge:

¶1        This case, CR2016-00842, comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297 (1969).  Counsel for Alex Christian Sonne (Sonne) has advised us that, after searching the entire record, they have been unable to discover any arguable questions of law and have filed a brief requesting this court conduct an *Anders* review of the record.  Sonne has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2        The case arises from Sonne's arrest following three sales of methamphetamine to an informant working with Detective Derrick Wilson of the Lake Havasu City Police Department.  The informant contracted to "get" Detective Wilson six cases in exchange for receiving probation.  The informant told Detective Wilson that he could purchase drugs from Sonne, and Detective Wilson verified Sonne as a target given Detective Wilson's "intelligence in the community."  Before each purchase, detectives searched the informant and gave him surveilling equipment to record the transaction.  They also gave the informant money and briefed him on the planned procedure.

¶3        The first sale occurred on the afternoon of April 1, 2016, in a hotel room in Lake Havasu City.  Through the informant's surveillance equipment, Detective Wilson could hear a general conversation between the informant and two or three other people in the hotel room.  The informant left the hotel room shortly after completing the transaction, gave the methamphetamine to Detective Wilson, and told the detective he purchased it from Sonne.

¶4        The second sale occurred on the evening of April 25, 2016, at a restaurant in Lake Havasu City.  The sale was originally planned to occur at a grocery store in the city, but Sonne abruptly changed the location of the transaction to the nearby restaurant.  After purchasing methamphetamine from Sonne at the new location, the informant turned over the methamphetamine to the detective.

¶5            The third sale occurred on the afternoon of May 2, 2016, in the drink aisle of a gas station in downtown Lake Havasu City.  Police officers on surveillance identified Sonne's car arriving at the gas station before the sale.  After purchasing the methamphetamine from Sonne in the gas station, the informant delivered it to Detective Wilson.

¶6            The state charged Sonne with three counts of sale of dangerous drugs (methamphetamine), a class 2 felony.  Sonne failed to appear at trial despite being put on notice of the trial date through his counsel.  Counsel had sent notice to Sonne's last known address and Sonne accessed his counsel's notification system.  The trial proceeded in absentia. The jury found Sonne guilty of the counts associated with April 25 and May 2, but hung on the other.

¶7            Sonne was arrested, on the last day of trial, on a warrant for previously failing to appear at his arraignment in a different case.  Thus, a separate case, CR2017-00146, arose.  Sonne entered a joint plea agreement, accounting for both the instant case and CR2017-00146, prior to sentencing. Pursuant to the plea agreement, the court sentenced Sonne to five consecutive years' incarceration for each guilty count of sale of dangerous drugs.  Sonne was also sentenced to an additional concurrent five years' incarceration for CR2017-00146.

¶8            We have reviewed the entire record in this case for reversible error, but found none.  The record reflects the proceedings complied with the Arizona Rules of Criminal Procedure.  Sonne had a fair trial, he was represented by counsel, and was present, or waived his presence, at all critical stages prior to and during trial, as well as during the verdicts and at sentencing.  The evidence is sufficient to support the verdicts, and the trial court imposed lawful sentences for Sonne's offenses following his acceptance of a plea agreement.  We thus affirm Sonne's convictions and sentences in CR2016-00842.

**¶9**        Upon the filing of this decision, counsel shall inform Sonne of the status of the appeal and his options.  Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Sonne shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA